## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROGER GRESHAM,
                Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
AT-0752-15-0311-I-1

DATE: April 15, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Earline Smith-Montgomery</u>, Esquire, Stone Mountain, Georgia, for the appellant.

<u>Earl L. Cotton</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to incorporate the standards set out in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), for affirmative defenses of equal employment opportunity (EEO) reprisal and age discrimination, we AFFIRM the initial decision.

## BACKGROUND

¶2        The agency removed the appellant from the EAS-17 position of Transportation Operations Supervisor based on the charge of improper conduct. Initial Appeal File (IAF), Tab 5, Subtabs 4F, 4I.  Specifically, the agency charged that, on numerous occasions (at least 40), the appellant used another employee's Time and Attendance Control System (TACS) identification and authorization to access the TACS and manually adjust his own clock rings to reflect that he reported for work earlier than he actually did.  *Id.*  In proposing the penalty of removal, the agency relied on the appellant's past misconduct, a Notice of Proposed Letter of Warning in Lieu of a 14-day Time-Off Suspension, for Unacceptable Conduct.  *Id.*, Subtab 4F.  The appellant appealed the agency's removal action alleging that his actions were based on past practices, that he had his coworker's permission to use his TACS identification and authorization, and

that the agency's action constituted discrimination on the basis of age and retaliation for filing EEO complaints. IAF, Tabs 1, 31.

¶3 Based on the record developed by the parties, including the testimony at the hearing, the administrative judge found that the appellant admitted that he used a coworker's TACS credentials to adjust his own clock rings and that he was aware that doing so was improper. IAF, Tab 53, Initial Decision (ID) at 9. Specifically, the administrative judge found that the appellant had received training about the agency's prohibition against providing one's TACS credentials to a coworker, and, although the appellant's coworker had provided the appellant with the coworker's TACS credentials, the coworker did not authorize the appellant to make all of the adjustments charged in the proposed removal.[2] ID at 7, 10. The administrative judge found further that, even if the coworker authorized the appellant's use of the coworker's TACS credentials, the agency's policy prohibits use of another employee's TACS credentials, and the appellant's assertion that he was unaware of this prohibition is not credible. ID at 10. The administrative judge noted that the agency requires TACS adjustments to be accounted for by a form 1260, and the appellant did not provide a single form 1260 to cover the TACS adjustments identified in the proposed removal. ID at 11. The administrative judge also found that the appellant failed to show that providing TACS credentials for others' use in his facility was commonplace. ID at 11‑12.

¶4 The administrative judge found that the appellant failed to prove his affirmative defenses. ID at 17-22. He found that the appellant failed to submit evidence in support of his mere assertion that other employees at his facility were either removed or forced to retire due to their age. ID at 20. The administrative judge also found that the appellant failed to prove that the agency removed him in

---

[2] The agency proposed the appellant's coworker's removal for improper conduct on the basis of providing unauthorized persons access to his personal TACS credentials. IAF, Tab 6, Subtab 4G. Prior to the agency's decision on the coworker's proposed removal, the coworker retired from Federal service. ID at 3 n.2.

retaliation for filing EEO complaints. He found that, although the deciding official knew of the appellant's EEO activity, the appellant submitted no meaningful evidence that the deciding official had a motive to retaliate against him. ID at 21‑22.

¶5 Finally, the administrative judge found the removal penalty was within the bounds of reasonableness. ID at 13-15. He found that, although the appellant had 29 years of service and was regarded as an excellent performer, the appellant remained steadfast in his position that he did nothing wrong and this undermines his potential for rehabilitation. ID at 16. The administrative judge further found that the deciding official properly considered the letter of warning as an aggravating factor. ID at 15. The administrative judge found that in light of the appellant's poor potential for rehabilitation, taken in connection with the seriousness of his misconduct, the appellant's supervisory position, and the attendant erosion of supervisory confidence in him that his misconduct created, removal was not an unreasonable penalty.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 In his petition for review,[3] the appellant contends that the administrative judge improperly denied his motion to compel. The record shows that the appellant served a discovery request on the agency after the close of business on the last day to timely initiate discovery. The agency refused to respond to the appellant's discovery request, asserting that it was untimely filed after the close of business, and the appellant filed a motion to compel. IAF, Tabs 16‑19. The administrative judge found that the agency's close of business argument was without authority or merit and granted the appellant's motion to compel

---

[3] The appellant generally alleges that the administrative judge was biased. To the extent the appellant is alleging that the administrative judge was biased against him or in favor of the agency, we find that he has failed to set forth any evidence or argument to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 46 (2014).

discovery. IAF, Tab 20. Subsequently, the appellant filed a second motion to compel, asserting that the agency failed to respond to a number of his interrogatories and requests for production of documents. IAF, Tab 30. The administrative judge denied the appellant's second motion to compel, finding that it was filed late by 6 days. IAF, Tab 38.

¶7    An administrative judge has broad discretion in ruling on discovery matters, and, absent an abuse of discretion, the Board will not find reversible error in such rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013). The administrative judge denied the appellant's motion to compel discovery because he failed to comply with 5 C.F.R. § 1201.73(d)(3), which provides that a motion for an order to compel must be filed with the administrative judge within 10 days of the date of service of objections. IAF, Tabs 38, 41. We find that the administrative judge did not abuse his discretion in denying the appellant's second motion to compel discovery.

¶8    In his petition for review, the appellant appears to allege that the administrative judge erred in denying him some of the witnesses that he requested. In his petition, he states that "any witness that I requested was crucial to my defense and for the sake of truth should have been allowed." Petition for Review (PFR) File, Tab 3. The appellant requested 10 witnesses. IAF, Tab 31. The administrative judge approved seven. He denied two of the appellant's requested witnesses because the appellant failed to proffer what relevant testimony those witnesses would provide. *Id*. The administrative judge reserved a ruling on one witness pending a proffer at the hearing. *Id*.

¶9    The appellant's assertion on review that the administrative judge erred in disallowing two of his witnesses does not show that their testimony would have been relevant, material, or not repetitious. PFR File, Tab 3. Therefore, he has not shown that the administrative judge abused his discretion in disallowing these witnesses. *See, e.g.*, *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985).

¶10     Next, the appellant asserts that the agency presented no evidence of fraud. The agency's charge, as written, did not require the agency to prove fraud. Rather, it simply charged the appellant with improper conduct. The Board is bound to evaluate the charges as written and not to remake the charges into something that could have been charged, but was not. *See Reynolds v. Department of Agriculture*, 54 M.S.P.R. 111, 113 (1992).

¶11     The appellant also generally disagrees with the administrative judge's findings of fact. He asserts that, contrary to the administrative judge's findings, he used his coworker's TACS code according to the longstanding and widespread custom, practice, and policy in his facility. PFR File, Tab 3. We agree with the administrative judge that the appellant failed to show that use of another employee's TACS code was commonplace and known to management. Further, regardless of the fact that the log-in screen does not specifically prohibit use of a coworker's TACS code, as the appellant's asserts, the agency had provided the appellant training that included the prohibition against using a coworker's TACS credentials to log in. Thus, the appellant knew or should have known that using his coworker's TACS credentials to alter his clock rings was a violation. The appellant's assertion that his coworker approved the appellant's actions of changing his start times by signing form 1260s is wholly unsupported by the record. As the administrative judge found, the appellant did not provide a single form 1260 to cover the TACS adjustments identified in the proposed removal. Accordingly, the appellant's contentions do not provide a basis for disturbing the administrative judge's decision to sustain the agency's charge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶12     After the initial decision was issued, the Board issued a decision that clarified the evidentiary standards and burdens of proof under which the Board

analyzes discrimination claims. *Savage*, 122 M.S.P.R. 612, ¶¶ 42-43, 51. We find that applying the analytical framework set forth in *Savage* would not change the result in this case. Thus, based on the existing record, and for the reasons contained in the initial decision, we affirm the administrative judge's findings that the appellant did not meet his burden of proving his affirmative defenses of discrimination based on age and retaliation for filing EEO complaints.

¶13    Regarding nexus and the penalty, the appellant argues on review that the agency's action did not promote the efficiency of the service and that the deciding official did not consider all of the *Douglas* factors. PFR File, Tab 3. The appellant's vague arguments, however, do not provide a basis for disturbing the administrative judge's well-reasoned findings concerning nexus and the penalty.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.